## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

KATHERINE M. RENO,        )
                                 )
           Claimant,     )
                                 )
v.                       )        CV420-070
                                 )
KILOLO KIJAKAZI,         )
*Acting Commissioner of*    )
*Social Security*,[1]         )
                                 )
          Respondent.    )

## REPORT AND RECOMMENDATION

Claimant Katherine M. Reno seeks judicial review of the Social Security Administration's denial of her application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB).

## I.   GOVERNING STANDARDS

In social security cases, courts

. . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our

---

[1]  Kilolo Kijakazi has succeeded Andrew Saul as head of the Social Security Administration.  The Clerk of Court is **DIRECTED** to substitute Dr. Kijakazi as the defendant in this case.  Fed. R. Civ. P. 25(d).

> judgment for that of the Commissioner." *Id*. at 1178 (internal
> quotations and brackets omitted).   "If the Commissioner's
> decision is supported by substantial evidence, this Court must
> affirm, even if the proof preponderates against it." *Dyer v.*
> *Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation
> omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014).

*see also Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019)

("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It

means—and means only—'such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.'" (citations omitted)).

The burden of proving disability lies with the claimant. *Moore v.*

*Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a
> claimant is disabled.  20 C.F.R. § 404.1520(a)(1).  If an ALJ
> finds a claimant disabled or not disabled at any given step, the
> ALJ does not go on to the next step. *Id*. § 404.1520(a)(4).  At
> the first step, the ALJ must determine whether the claimant is
> currently engaged in substantial gainful activity. *Id*. §
> 404.1520(a)(4)(i).  At the second step, the ALJ must determine
> whether the impairment or combination of impairments for
> which the claimant allegedly suffers is "severe." *Id*. §
> 404.1520(a)(4)(ii).  At the third step, the ALJ must decide
> whether the claimant's severe impairments meet or medically
> equal a listed impairment. *Id*. § 404.1520(a)(4)(iii).  If not, the
> ALJ must then determine at step four whether the claimant
> has the [residual functional capacity (RFC)][2] to perform her

---

[2] At steps four and five, the ALJ assesses the claimant's residual functional capacity
(RFC) and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d

> past relevant work. *Id*. § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r of Soc. Sec. Admin.*, 596 F. App'x. 878, 879 (11th Cir. 2015) (footnote added).

## II.   BACKGROUND

Reno, who was 49 years old when her SSI and DIB claims were denied,[3] alleges disability beginning on April 30, 2011. Tr. 361–73. She has completed a general equivalency diploma (GED). Tr. 39–40. Though she has worked and earned income since the alleged onset of her disability, she has not engaged in substantial gainful activity. Tr. 13; 41–47. Prior to her claimed onset date, she worked as a commercial cleaner, hand

---

1232, 1238 (11th Cir. 2004). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id*. (citing 20 C.F.R. § 404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

[3] This relates to ALJ Mason's ruling issued on May 1, 2018, after the case was remanded for reconsideration. Tr. 7–33.

packager, fast food worker, and stock clerk.  Tr. 23; 41–43; 67–71; 73–75.
Claimant alleges that she is unable to work because of several physical and
mental disabilities, including: "major depressive disorder, bipolar
disorder, anxiety, history of substance abuse, degenerative disc disease,
L5/S1 central disc protrusion with stenosis and bulging, herniated discs of
the cervical and lumbar spine at multiple levels, cervical spondylosis, mild
canal stenosis, flattening of the spinal cord, peripheral neuropathy in her
hands, legs, and feet, broad based disc bulge at L5/S1 with neuroforaminal
stenosis, lumbar spondylosis with right radiculopathy, bilateral lumbago
with sciatica for both the left and right side, facet arthropathy, cervical
region equivocal discitis at C5-6, and lower leg edema."  Doc. 12 at 2–3.

Claimant first applied for SSI and DIB on October 14, 2011.  Tr. 361–
73.  On May 20, 2015, an Administrative Law Judge (ALJ), after a hearing,
entered an unfavorable ruling.  Tr. 157–75.  On September 9, 2016, the
Appeals Council vacated the decision and remanded the case for a new
hearing.  Tr. 178–180.  The Appeals Council directed the ALJ to further
evaluate claimant's mental impairments; "give further consideration to
the claimant's maximum residual functional capacity during the entire
period at issue;" "consider whether the claimant's past work constitutes

past relevant work and, if so, whether the claimant can perform this past relevant work;" and, if warranted, "obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupation base." Tr. 179–80. A second hearing was held on December 14, 2017, during which a different ALJ accepted the documentary and testimonial evidence of claimant and of vocational expert Michael Dorsey. Tr. 34–82.

On May 1, 2018, the ALJ issued a ruling finding claimant to be not disabled and denying the applications for SSI and DIB. Tr. 7–25. The ALJ found that claimant's degenerative disc disease, peripheral artery disease, carpal tunnel syndrome, bipolar disorder, and anxiety disorder, constitute significant impairments. Tr. 13. Upon consideration of the expert and medical opinion evidence; however, he concluded that though they are severe, they do not meet or equal the criteria of any listed impairment. Tr. 13–15. The ALJ determined claimant to have an RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with some limits. In particular, the claimant can lift and/or carry up to two pounds occasionally and 10 pounds frequently. Further the claimant can stand and/or walk for six hours of an eight-hour workday and sit for six hours of an eight-hour workday. The claimant should be allowed to use a cane for ambulation. The claimant can occasionally balance, stoop, crouch, and use ramps and stairs; and she can never

climb ropes, ladders, and scaffolds.  The claimant can never kneel or crawl.  The claimant can never operate foot controls. The claimant is able to perform bilateral handling and fine manipulation frequently.  The claimant is limited to short, cycled, repetitive work in a low stress work environment with few routine changes that are introduced through supervision. In addition, the claimant may work with the public, coworkers, and supervisors on an occasional basis to accomplish simple, two–three step tasks.

Tr. 13; 15–23.  Considering claimant's age, education, work experience, and RFC, the ALJ found that, though she is not capable of returning to her prior employment, there exist jobs in the national economy that claimant is capable of performing.  Tr. 23–24.  As such, he concluded that she is not disabled as defined by the Social Security Act.  Tr. 24.

## III.  ANALYSIS

Claimant "asserts that the Commissioner erred in finding [her] capable of light work and fail[ed] to properly analyze the opinion of the examining and non-examining physicians despite the Appeals Council Order."  Doc. 12 at 10.  Claimant argues that in formulating the RFC, the ALJ improperly discounted the medical opinion of one of her treating physicians, Dr. Frank Bynes, and gave too much weight to the opinion of the state-agency medical consultants in relation to the treating physicians.

Doc. 12 at 12–18.  She also alleges that the record supports a finding that she is unable to perform even sedentary work.  *Id*. at 18–19.

### A.    The Weight Given by the ALJ to Physicians and Experts

Claimant asserts that the ALJ improperly discredited the medical opinion of one of her treating physicians, Dr. Bynes.  An ALJ may discount a treating physician's opinion if he gives good reasons for doing so.  20 C.F.R. §§ 404.1527(c)(2)-(3), 416.927(c)(2)-(3); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011); *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).  While a treating physician's opinion is valuable to the ALJ's RFC assessment, it is the ALJ's responsibility (and not any doctor's) to assess the RFC based on the record as a whole.  *Robinson v. Astrue*, 365 F. App'x 993,  999 (11th Cir. 2010) ("the task for determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctors."); *see* 20 C.F.R. § 416.945(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c) (the ALJ has the responsibility for determining a claimant's RFC).  Indeed, the ALJ need not adopt every limitation assessed by a credited medical source, nor must his RFC assessment mirror the opinion of every doctor.  *Adams v. Comm'r Soc. Sec.*

*Admin.*, 586 F. App'x 531, 534 (11th Cir. 2014) (an ALJ's decision need not address every limitation in a physician's report as long as the written decision is clear that the ALJ considered both the physician's opinion and the claimant's condition as a while); 20 C.F.R. §§ 404.1527(b),(c); 416.927(b),(c).

In an August 2013, Dr. Bynes prepared a report in which he represented that claimant suffers from "severe neck and lower back pain due to multiple herniated intervertebral disk[s] of [the] cervical and lumbar spine. [She] also suffers with depression and anxiety." Tr. 751. He also diagnosed that claimant was unable to sit or stand for more than 15 minutes without experiencing pain and that she could not lift, carry, push, or pull anything heavier than five pounds. Tr. 751–55. The report also included Dr. Bynes' opinion that claimant is disabled and "unable for any employment." Tr. 751–52; 757.

The ALJ gave the opinions of Dr. Bynes, "little weight," finding them to be:

> inconsistent with the medical record as a whole, which shows no surgery or physical therapy records; and the physical examinations showing 5/5 strength and an unremarkable gait. Further, the conclusory statement that the claimant is disabled intrudes into the province of the Commissioner, veers into vocational grounds outside of her medical expertise, and

garners insufficient support from the objective images and physical examinations.

Tr. 22. The ALJ was correct to disregard Dr. Bynes' conclusory opinion that claimant is disabled, as such determination is solely within the purview of the commissioner. 20 C.F.R. § 404.1527(d) (opinions of disability by medical sources); 20 C.F.R. § 416.927(d) (medical source opinions on issues reserved for the commissioner). The question remaining for the Court is whether the ALJ was justified in discounting Dr. Bynes' medical opinions concerning claimant's functional limitations—specifically, the ability to stand, sit, lift, and carry.

The ALJ found Dr. Bynes' conclusion that plaintiff is limited in her ability to sit and stand to less than 15 minutes and in her ability to lift, carry, push and pull to objects of five pounds or less to be inconsistent with the greater record. Tr. 22. Claimant asserts Dr. Bynes' diagnosis is supported by her previous claims of pain in her limbs, shoulders, neck, and back and of muscle weakness and numbness. Doc. 12 at 13–16. The ALJ's assessment of the record, in its entirety, does not reject the nature of claimant's symptoms, but rather their severity and degree to which they are functionally debilitating. Tr. 21. The ALJ acknowledged that claimant has a history of pain dating to at least 2010. Tr. 17. In considering various

medical examinations, however, he found that she was generally determined to have a full range of motion, normal gait, and normal muscle strength and tone.  Tr. 17–19.  Among those examinations considered was one performed by Dr. Stephen Pappas less than two months after Dr. Bynes' report which revealed pain elicited by movement, but characterized the chronic pain as a mild impairment.  Tr. 17–18; 813–19.  The ALJ also noted that the record was devoid of tests, such as a nerve conduction study, that might support claimant's claim of debilitating symptoms or Dr. Bynes' conclusion that pain, limited range of motion, and weakness are caused by nerve damage.  Tr. 18; 755.

The Court notes that though claimant has pointed to assertions of pain and weakness in the record and various medical observations, she has not identified any other treating physician that recommended limitations similar to those prescribed by Dr. Bynes.  To the contrary, many of the examination reports indicate no reduction in strength, a full range or motion, and no abnormal gait.  *See*, *e.g.*, Tr. 672–76 (report of February 2012); Tr. 958–62 (report of July 2013); Tr. 814–16 (report of October 2013); Tr. 1102–03 (report of July 2017).  In one new patient visit report from July 2017 cited by the ALJ, claimant did complain of pain when

sitting, standing, and lifting.  Tr. 1102–03.  In the same examination, however, she demonstrated the ability to move around an examination room and climb on and off a table with ease.  Tr. 1102.  She also displayed a normal gait without the use of assistive devices, no deficiency in muscular strength, and unremarkable results on her examination.  Tr. 1102–03.  Accordingly, the ALJ did not err in discounting Dr. Bynes' opinions as they were not supported by the greater record.

Claimant also argues that the ALJ improperly weighed the opinions of two state agency medical consultants, Drs. Bennett-Magwood and Bailey, over those of her treating physicians.  Doc. 12 at 16–18.  Drs. Bennett-Magwood and Bailey produced reports in February and April of 2021, respectively, opining that claimant is capable of performing light work.  Tr. 94–98; 111–15; 131-34; 149-52.  Both also found claimant's allegations of pain to be "partially credible" and "not warrant[ing] significant work-related limitations."  Tr. 98; 115; 134; 152.  The ALJ gave these opinions "significant weight" as he found them to be consistent with claimant's lack of surgery or therapeutic treatment, ability to perform some work after the alleged onset date, and physical examinations.  Tr. 22.  Claimant argues that the ALJ erred in determining that Drs. Bennett-

Magwood and Bailey's opinions were supported by the record and entitled to greater weight.  Doc. 12 at 16.

The ALJ must consider and weigh the opinions of state agency medical consultants in the same manner as those of any other medical expert.  *See* 20 C.F.R. §§ 404.1513a(b) (ALJ must consider the opinions of agency consultants who are "highly qualified and experts in Social Security disability evaluation"), 404.1527(e), 416.913a(b) (providing that "federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation" and their opinions are considered like other experts), 416.927(e) (evaluating opinion evidence of agency consultants in claims filed before March 27, 2017); *see also Hanisee v. Comm's of Soc. Sec.*, 797 F. App'x 449, 450 (11th Cir. 2019) (state agency medical consultant's opinion, "was to be assigned weight in the same manner as any other medical opinion.").  The weight afforded to such opinions, at least in part, depends on the extent to which they are supported by the record.  20 C.F.R. §§ 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."), 404.927(c)(4) (same); s*ee also Jarrett v. Comm. Of Soc. Sec.*, 422 F. App'x 869, 883 (11th Cir. 2011)

("The weight due to a non-examining physician's opinion depends, among other things, on the extent to which it is supported by clinical findings and is consistent with other evidence.").

Claimant argues that the ALJ's reliance in his decision on the fact that she has not undergone surgical or therapeutic treatment is improper. Doc. 12 at 16–18. The record reflects that she has been prescribed physical therapy at multiple times. *See, e.g.*, Tr. 578–80; 1274–77. There is a suggestion that therapy was attempted in 2009 and that claimant found it to be unproductive. Tr. 583. She has, however, produced no treatment record or other report supporting this attempt or any other therapeutic treatment after her alleged onset date. Surgery has also been recommended as a treatment for her conditions as early as 2010. That year, claimant seemingly indicated an intent to undergo an anterior cervical discectomy with fusion and plating. Tr. 581. She later sought to delay surgery until May 2011, citing childcare responsibilities during the school year. Tr. 566. The record suggests that she has not undergone any type of surgical procedure since that time. *See* Tr. 49 (claimant testified that she has not had a spinal fusion or neck surgery).

Claimant asserts that the state medical consultants relied heavily on the fact that she did not undergo back surgery in making their recommendation.  Doc. 12 at 17.  There is no suggestion in the consultant's reports that the decision to not undergo surgery was a significant consideration in their recommendations.  Rather, the opinions of the consultants are seemingly based on the entirety of the record as it existed at the time of their review.  *See*, Tr. 97–98 (summary of record); 114–15 (same); 133 (same); 151 (same).

The Court understands that the ALJ considered the lack of surgical and therapeutic treatments as evidence of claimant's actual functional limitations.  The Court acknowledges that there can be valid reasons justifying claimant's decision to not undergo surgery, including financial constraints and familial responsibilities.  That she has not followed through on recommended treatments to mitigate or alleviate her symptoms over the course of several years; however, does support the opinions of the consultants that her condition is not fully debilitating and is consistent with an RFC of light work.  Accordingly, the Court should find that substantial evidence supports the ALJ's determination to give

significant weight to the opinions of Drs. Bennett-Magwood and Bailey and to discredit the opinions of Dr. Bynes.

## B. Claimant's Ability to Perform Light Work

Claimant contends that the ALJ erred in finding an RFC of light work with limitations because her impairments preclude her from performing even sedentary work. Doc. 12 at 18–19. An RFC is the most a person can do despite their physical and mental limitations. 20 C.F.R. § 404-1545(a)(1). Its determination is not a medical question and falls solely within the authority of the ALJ. *See Moore v. Soc. Sec. Admin., Comm'r.*, 649 F. App'x 941, 945 (11th Cir. 2016) ("[T]he task of determining a claimant's residual functional capacity and ability to work rests with the administrative law judge, not a doctor.")' *see also* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level or at the Appeals Council review level, the administrative law judge or the administrative appeals judge at the Appeals Council (when the Appeals Council makes a decision) is responsible for assessing your residual functional capacity."). In doing so, the ALJ has the power to resolve any ambiguities and inconsistencies in the medical evidence, 20 C.F.R. §§ 416.927(d)(2) (evaluation of opinion evidence), 416.946(c) (assessing

RFC), upon consideration of the entire record, 20 C.F.R. §§ 404.1520a (evaluation of mental impairments), 416.945(a)(3) (the RFC is based on all the relevant evidence, including diagnoses, treatment, observations, and opinions of medical sources, as well as witness testimony). The ALJ can distill a claimant's RFC from an amalgamation of the record as a whole, without requiring a specific medical opinion to articulate a specific functional limitation. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question" because "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record").

The ALJ determined claimant to have an RFC of light work with additional limitations. "Light work" is defined in 20 C.F.R. § 416.967(b) as involving:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 416.967(b). The ALJ imposed the additional limitations that

claimant be permitted to utilize a cane for ambulation; can occasionally balance, stoop, crouch, and use ramps and stairs; and can never climb, ropes, ladders, or scaffolds.  Tr. 15.

At the hearing the RFC, including the additional limitations, was presented to a vocational expert, who advised that there were unlikely to be light-work jobs that would meet the specified criteria; however, he identified three jobs classified as sedentary that would fall within the defined capabilities.  Tr. 23–24; 75–77.  The Social Security regulations classify jobs that require less physical exertion that light work as "sedentary work."  20 C.F.R. § 416.967(a).  "Sedentary work" is defined as involving:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

*Id*.  Claimant contends that she is unable to sit or stand for prolonged periods of time, making her incapable of performing even the sedentary positions identified by the vocational expert.  Doc. 12 at 18–19.

In support of her position, she points that the diagnosis of Dr. Bynes, which the Court has already found to have been properly discounted by the ALJ. Doc. 12 at 18. She also cites to materials provided by St. Joseph's Hospital when she was diagnosed with sciatica in 2017 that recommend that she avoid sitting for long periods of time. Doc. 12 at 19; Tr. 1114–15 ("Avoid sitting for long periods. This puts more stress on your lower back than standing or walking.").

In reviewing the ALJ's determinations, the Court is not empowered decide facts anew, reweigh evidence, or substitute its judgment and must affirm the decision of the ALJ where it is supported by substantial evidence in the record. *Mills v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990); *Baker o/b/o Baker v. Sullivan*, 880 F.2d 319, 321 (11th Cir. 1989). The ALJ found that the "lack of surgery and physical therapy, coupled with the physical examinations showing 5/5 strength and unremarkable gait, supports [that claimant] is capable of performing work consistent with the adopted residual functional capacity." Tr. 19.

The ALJ's determination is supported by substantial evidence in the record. Beyond the opinion of Dr. Bynes and the sciatica information sheet

provided by St. Joseph's Hospital, the record is devoid of medical evidence suggesting claimant's inability to sit or stand for the periods contemplated by the RFC. Multiple medical examinations suggest that she has full muscle strength and unimpeded ability to ambulate. *See, e.g.,* Tr. 739 (November 2012 examination); 1102 (July 2017 examination); 1268 (October 2017 examination). The ALJ notes that the record evidences that claimant is able to engage in many normal daily activities consistent with the RFC, including bathing and dressing herself; dressing, feeding and playing with her young son; household chores; and running errands.[4] Tr. 21. Absent from the record are claims of common symptoms associated with intense and continuous pain mandating an inactive lifestyle, such as "serious muscle weakness, muscle spasm, atrophy, weight loss, or other signs of progressive deterioration" are not present. Tr. 19. There is also evidence that she briefly engaged in work through a family member's restaurant folding pizza boxes after her onset date. Tr. 45–47. There is substantial evidence in the record that claimant is capable of performing

---

[4] The Court notes that some medical reports from after her alleged onset date also indicate regular or occasional exercise. See Tr. 771 (alleging exercise three times a week for 20 minutes a day); 783 (alleging occasional exercise).

work contemplated by the RFC.  Accordingly, the determination of the ALJ should be affirmed.

## IV.   CONCLUSION

As the ALJ's decision is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**.  This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Therefore, within 14 days from the date of this order, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648

F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 1st day of September, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA